UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD B. APPLEBAUM,

                Appellant,          Case No. 1:21-CV-0729(GTS)

v.

CODIE B. SOUTHWORTH; and JEFFREY
SOUTHWORTH,

                Appellees.
_____

APPEARANCES:                            OF COUNSEL:

RICHARD B. APPLEBAUM
  Appellant, *Pro Se*
1243 Mineral Spring Avenue, Suite 201
North Providence, RI 02904

SELBACH LAW OFFICES, P.C.              JAMES F. SELBACH, ESQ.
  Counsel for Appellee Codie Southworth
8809 Daylight Drive
Liverpool, NY 13090

JEFFREY SOUTHWORTH
  Appellee, *Pro Se*
111 Oswald Street
Pawtucket, RI 02861

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before this Court is the appeal by Richard B. Applebaum ("Appellant") from the Order of United States Bankruptcy Judge Robert E. Littlefield, Jr., issued on June 11, 2021, denying Appellant's motion to recuse Bankruptcy Judge Littlefield. (Dkt. No. 2.) For the reasons set forth below, Appellant's appeal is denied, and Bankruptcy Judge Littlefield's Order is

affirmed.

## I.    RELEVANT BACKGROUND

For the sake of brevity, the Court will not recite the underlying bankruptcy action's procedural history, of which the parties have demonstrated an adequate understanding in their briefs. (*See generally* Dkt. Nos. 15, 16, 18.)

## II.    LEGAL STANDARD

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a). On an appeal, "a district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *Verna v. U.S. Bank Nat'l Ass'n*, 15-CV-1127, 2016 WL 5107115, at *2 (N.D.N.Y. Sept. 20, 2016) (Kahn, J.) (citing former Fed. R. Bankr. P. 8013); *accord*, *W. Milford Shopping Plaza, LLC v. The Great Atl. & Pac. Tea Co. (In re Great Atl. & Pac. Tea Co.)*, 14-CV-4170, 2015 WL 6395967, at *2 (S.D.N.Y. Oct. 21, 2015).[1] The bankruptcy court's legal conclusions are subject to *de novo* review. *Asbestosis Claimants v. U.S. Lines Reorganization Trust (In re U.S. Lines, Inc.)*, 318 F.3d 432, 435 (2d Cir. 2003). The bankruptcy court's factual findings are subject to clear-error review. *Hudson v. Harris*, 09-CV-1417, 2011 WL 867024, at *9 (N.D.N.Y. Mar. 10, 2011) (Scullin, J.).[2] Finally, mixed

---

[1] Although Fed. R. Bankr. P. 8013 was amended in 2014 and no longer explicitly states, *inter alia*, that a district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree," "logic still compels the same conclusion with respect to the appellate powers of the District Court." *In re Great Atl. & Pac. Tea Co.*, 2015 WL 6395967, at *2 & n.1.

[2] A district court may find a bankruptcy court's determination to be clearly erroneous when, on consideration of the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed. *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (quoting *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364 [1948]). "[P]articularly strong deference [must be given to] a [bankruptcy] court's findings of fact based on credibility

questions of law and fact are reviewed "either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual." *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc. (In re Lehman Bros. Holdings, Inc.)*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (quoting *Italian Colors Rest. v. Am. Express Travel Related Servs. Co. (In re Am. Express Merchants' Litig.)*, 554 F.3d 300, 316 n.11 [2d Cir. 2009]).

**III.   ANALYSIS**

After carefully considering Appellant's arguments on appeal, the Court rejects those arguments for each of the reasons offered by Appellee Codie Southworth in his response brief and the reasons offered by Bankruptcy Judge Littlefield on the record on June 9, 2021. (Dkt. No. 16, at 4-8 [Appellant's Response Brief]; Dkt. No. 9, Attach. 7, at 4-21 [Transcript of Hearing of June 9, 2021].) To those reasons, the Court adds three brief points, which are intended to supplement and not supplant those reasons.

First, the Court rejects Appellant's argument that Bankruptcy Judge Littlefield could not have decided Appellant's motion to stay before his motion to recuse, because a motion to recuse must be "decided finally" before a motion to stay may be decided. (Dkt. No. 9, Attach. 7, at 3-4 [Transcript of Hearing of June 9, 2021]; *see also* Dkt. No. 15, at 9-10 [Appellee's Brief, arguing that Judge Littlefield should have decided, and granted, Appellant's motion to recuse before deciding Debtor's Request to Reinstate Claims for Actual Damages].) The Court renders this ruling for the same reason that Bankruptcy Judge Littlefield did so: he was "unaware of [the]

---

assessments of witnesses it has heard testify." *Pisculli v. T.S. Haulers, Inc. (In re Pisculli)*, 426 B.R. 52, 59 (E.D.N.Y. 2010), *aff'd*, 408 F. App'x 477 (2d Cir. 2011) (quoting *In re Boyer*, 328 F. App'x 711, 716 [2d Cir. 2009]). Although the bankruptcy court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. *H & C Dev. Group, Inc. v. Miner (In re Miner)*, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999) (citation omitted).

requirement[]" that, under the circumstances, a motion to recuse must be decided before a motion to stay.  (Dkt. No. 9, Attach. 7, at 3-4 [Transcript of Hearing of June 9, 2021].)  Indeed, the authority appears to support a contrary point of law.  *See, e.g., In re Carroll*, 292 B.R. 472, 474-75 (D. Conn. 2003) (holding that party had no clear entitlement to ruling on recusal motion before judge decided whether to approve compromise that would end dispute and thus moot recusal issue).  This is especially true where (as here) the motion to recuse is found to be without merit.  *See, e.g., Stoner v. Young Concert Artists, Inc.*, 11-CV-7279, 2013 WL 2425137, at *1 at n.1 (S.D.N.Y. May 20, 2013) (denying as moot a motion to stay after a ruling was rendered on a writ of mandamus demanding the immediate recusal of the court).

Second, the Court rejects Appellant's related argument that Bankruptcy Judge Littlefield should not have denied Appellant's motion to recuse under the circumstances.

Third, on June 25, 2021, the Court issued a Text Order that, among other things, called into question "whether Appellant Applebaum is indeed even a creditor in the underlying bankruptcy proceeding or whether he merely represents a creditor (i.e., Kailey Southworth), and, if so, on what grounds he continues to prosecute appeals in his own name and not hers."  (Dkt. No. 4.)  In the interest of judicial efficiency, the Court "le[ft] those issues to be addressed after briefing by the parties."  (*Id*.)  Because the parties have not briefed these issues in their briefs, the Court will not resolve them at this time, other than to express its doubt that Appellant is properly proceeding as a creditor in the underlying bankruptcy proceeding.

**ACCORDINGLY**, it is

**ORDERED** that Appellant's appeal is **DENIED**, and Bankruptcy Judge Littlefield's Order of June 11, 2021, is **AFFIRMED**.

Dated: December 20, 2021
       Syracuse, New York

*Hon. Glenn T. Suddaby*
Chief U.S. District Judge